```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

**CIVIL ACTION NO. 1:12cv0109 (WOB)**

**NATHAN T. EALY**                                                **PLAINTIFF**

**VS.**                                    <u>**ORDER**</u>

**INNOVATIVE MECHANICAL
SYSTEMS, LLC, ET AL.**                                           **DEFENDANTS**

This matter is before the Court on the parties' joint motion for conditional certification of the matter as a collective action (Doc. 19).

Plaintiff Nathan T. Ealy brings this collective action, on behalf of himself and all others similarly situated, against his former employer for the recovery of unpaid or underpaid wages, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 28 U.S.C. § 216(b). (First Am. Compl. ¶ 1). *See generally Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544 (6th Cir. 2006); *Lewis v. Huntington Nat'l Bank*, 789 F. Supp.2d 863 (S.D. Ohio 2011).

Plaintiff was employed by defendants between November 14, 2009 and December 2, 2011 as an HVAC installer in the construction industry. (First Am. Compl. ¶ 2). Plaintiff avers that he and other class members "were all subject to a company-wide policy or practice or requiring employees to 'bank' some of their overtime hours worked and not paying employees for

compensable travel time." (*Id.* ¶ 17). Plaintiff seeks to represent a class of all former and current apprentice and journeyman HVAC installers employed by defendants during the three-year period preceding the filing of the complaint herein. (*Id.* ¶ 18).

There are two requirements for FLSA collective actions such as this: (1) the plaintiffs must actually be "similarly situated," and (2) all plaintiffs must signal in writing their affirmative consent to participate in the action. *Comer*, 454 F.3d at 546 (citations omitted). The Court may exercise its "discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit." *Id.*

Plaintiff has attached to the instant unopposed motion his own affidavit, as well as one from an opt-in plaintiff, Michael W. Davis, in which they testify that they were subjected to the same policy and/or practices challenged here as violative of the FLSA. (Docs. 19-1, 19-2). Davis also testifies that he is aware of at least two other employees, who are named, who were subjected to the same travel policy pursuant to which they were not paid for travel time on projects on which an overnight stay was required. (Davis Aff. ¶ 5f).

While expressing no view as to the merits of plaintiff's claims at his juncture, the Court concludes that plaintiff has made the modest factual showing that he and members of the

proposed class are "similarly situated" so as to warrant conditional certification and the distribution of notice to proposed class members.

As noted, defendants have not opposed this motion and have jointly drafted the notice to be issued to class members.

Therefore, having review this matter, and the Court being sufficiently advised,

**IT IS ORDERED** that:

(1) The parties' joint motion for conditional certification of the matter as a collective action (Doc. 19) be, and is hereby, **GRANTED**;

(2) **Within ten (10) days of entry of this Order**, defendants shall provide to plaintiff's counsel the names, addresses, and telephone numbers of potential class members; and

(3) Plaintiff shall then promptly issue the proposed notice to potential class members, who will have forty-five (45) days from the date of mailing to postmark their executed opt-in forms.

This 28th day of August, 2012.



Signed By:
William O. Bertelsman  WOB
United States District Judge